IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN RILEY,<br>    Plaintiff,<br><br> vs.<br><br>MICHAEL DECARLO, *Correctional Food Service Manager ;1* WALLACE DITTSWORTH, *Correctional Food Service Manager 2;* JEFF ROGERS, *Correctional Classification Program Manager;* LOUIS FOLINO, *Superintendent;* REV. ALEDA MENCHYK, *Facility Chaplaincy Program Director*; NEDRO GREGO, *RN Supervisor;* J. NIEHENKE, *Former Safety Manager;* FNU CUMBERLEDGE, *Safety Manager;* STEVE BLAZE, *Facility Maintenance Manager 3;* DORINA VARNER, *Chief Grievance Officer*; JEFFREY A. BEARD, *Former Secretary of Corrections,*<br>    Defendants. | Civil Action No. 2:11-537<br>Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

Plaintiff Nathan Riley ("Plaintiff") is a State prisoner currently housed at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania. Plaintiff brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the Constitution of the United States. (Docket No. 1 at 3). Plaintiff also raises claims under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, as well as various State law claims. *Id.* This suit commenced on April 26, 2011, with the receipt of the complaint. *Id.* Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on

1

April 28, 2011. (Docket No. 4). As of the date of this writing, no Defendant has been served the complaint.

Plaintiff's complaint contains factual allegations concerning a variety of issues. Germane to this order are Plaintiff's allegations concerning the nutritional adequacy of his diet. Specifically, Plaintiff alleges that he is fed a diet of "approximately 1000 calories per day as opposed to the 2800 calories that general population prisoners are . . . provided . . . ." (Docket No. 1 at 3). He further states that the alleged nutritional inadequacy of his diet has spanned over a period of years, and "has resulted in substantial weight loss of approximately 30 plus pounds." *Id.*

Filed contemporaneously with the complaint is Plaintiff's motion for preliminary injunction. (Docket No. 1-1). In this document, Plaintiff seeks preliminary injunctive relief with respect to several claims raised in his complaint, including the number of calories in his diet.[1] (Docket No. 1-1 at 3).

In an effort to effectuate the hearing, the Court discussed the matter on April 29, 2011 with Tracey Shawley, who is responsible for the lawsuits filed against SCI Greene, solely to determine who could represent the defendants in the event there was a need for a prompt

---

[1] Plaintiff mentions the sufficiency of his diet in his preliminary injunction motion only in his prayer for relief. (Docket No. 1-1 at 3). Interpreting his motion to encompass that issue requires a liberal reading of the motion. However, given the liberal standards to which *pro se* filings are held, *cf. Haines v. Kerner*, 404 U.S. 519, 520 (1972), the troubling and time-sensitive nature of Plaintiff's allegations, and the fact that this motion was filed contemporaneously with the complaint (in which Plaintiff provides more information regarding these allegation), such an interpretation is appropriate. Furthermore, this Court notes that the length of time necessary for service of process to be effectuated in the average *pro se* prisoner civil rights case – which can be on the order of months, depending on how many defendants must be served, and how long it takes an indigent prisoner plaintiff to make service copies and complete the necessary forms – supports the conclusion that treating this issue as a motion for TRO is proper.

temporary restraining order ("TRO') hearing. Shawley investigated who from the AG's office would represent SCI Greene and the Court was contacted by Scott Bradley, Esq. ("Mr. Bradley") of that office. In this vein, Shawley requested and received the complaint by email. However, this email transmission does not constitute service on any Defendant.

Plaintiff appeared by phone and the Defendants were represented specially by Mr. Bradley, by phone, as none of the Defendants had been served. The Court reviewed the Plaintiff's allegations and reviewed the standard for the issuance of a TRO in this context, citing numerous cases. *Meekins v. Law*, 2006 WL 3762057, at *3-4, Civ. Act. No. 06-1321 (M.D. Pa. Dec. 21, 2006); *Riley v. Snyder*, 72 F.Supp.2d 456 (D.Del. 1999); *Falciglia v. Erie County Prison*, 2006 WL 4065911, at *1-2, Civ. Act. No. 06-192E (W.D Pa. Oct. 10, 2006); *Bryant v. Nolan*, 2009 WL 2843902, at *2, Civ. Act No. 09-2672 (D.N.J. Sept. 1, 2009); *Bronson v. Co Houdeshell*, 2006 WL 3051863, at *1, Civ. Act. No. 05-2357 (M.D. Pa. Oct. 24, 2006); *Bronson v. Neal*, 2010 WL 3239381, at *2, Civ. Act. No. 10-530 (M.D. Pa. Aug. 16, 2010); *Sanders v. Beard*, 2010 WL 2853113, at *1, Civ. Act. No. 09-1384 (M.D. Pa. July 20, 2010); *Steward v. Beard*, 2010 WL 2034701, at *1, Civ. Act. No. 07-1916 (M.D. Pa. May 18, 2010*); McKinney v. Kelchner*, 2007 WL 2852373, at *3, Civ. Act. No. 05-205 (M.D. Pa. Sept. 27, 2007); Holmes v. Chiarelli, 2010 WL 4781103, Civ. Act. No. 07-1477 (M.D. Pa. Nov. 17, 2010). The Court then asked Mr. Bradley for his clients' position, wherein he advised that they were adverse to the entry of a TRO. To that end, he detailed Ms. Shawley's investigation to date. Thereafter, Plaintiff was sworn and answered the Court's questions under oath. In sum, the Court received the following information:

Plaintiff was released from the RHU on December 17, 2010. Plaintiff is now in a general housing unit. Plaintiff goes to the dining area and goes through the cafeteria line. The cafeteria

meals meet minimum caloric requirements. SCI Greene has dieticians who monitor dietary intake. It is up to the inmates to eat what is served. Plaintiff has not filed any grievances regarding caloric intake. The dining area provides a "no animal product" diet. According to Mr. Bradley, the problem is that Plaintiff is Muslim and appears to be seeking kosher food. Religious dietary requirements must be requested through the religious accommodations committee. Plaintiff's complaint is that Plaintiff has petitioned the religious accommodations committee but is still not being provided the diet Plaintiff requested. Plaintiff has grieved and was denied in November of 2010. He has appealed and was unsuccessful. Plaintiff states he is not eating certain foods because Plaintiff does not believe they have kosher ingredients. Plaintiff, however, has been able to accommodate his caloric needs with food he obtains from the cafeteria and/or commissary, such as potato chips. There are no notes in Plaintiff's medical records about complaints of weight loss. He has been on no sick calls related to same. Instead, on March 7, 2011 Plaintiff was at sick call about a respiratory issue. There was no mention of weight loss at that time. Plaintiff is 5'9". Plaintiff weighs 158 pounds as of June 2010. Such height and weight do not appear to this Court to be unhealthy for a man in his 30s.[2]

The Court, after reviewing the complaint (Docket No. [5]), the motion for preliminary injunction (Docket No. [6]), the supporting memorandum of law (Docket No. [7]), and particularly the nature of the allegations concerning Plaintiff's diet, and after giving the *pro se* pleadings liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), decided to consider whether Plaintiff was or was not entitled to a temporary restraining order on the issues relating to his diet prior to formal service on the Defendants. In light of the facts and considering the case

---

[2] *See* Body Mass Index ("BMI") Table.

law cited on the record during the course of the proceedings, the Court now holds that the Plaintiff is not entitled to a temporary restraining order and to the extent Plaintiff's pleadings or motion can be construed that he has requested a temporary restraining order, said request is DENIED, without prejudice. "[T]he grant of injunctive relief is an 'extraordinary remedy which should be granted only in limited circumstances.'" *AT&T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir.1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir.1988)). This is not one of them.

The hearing was transcribed and if any party desires a copy of the transcript it can be requested by contacting the chambers of Judge Fischer, at which time an appropriate order shall be entered. This matter is now referred back to Magistrate Judge Cathy Bissoon for further proceedings.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: May 3, 2011

cc/ecf: Nathan Riley
CT 8571
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

Scott Bradley, Esq.
Office of Attorney General
Manor Building, 6th Floor
564 Forbes Ave.
Pittsburgh, PA 15219