IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN RILEY, | ) |
|     Plaintiff, | ) |
| v. | ) No. 11-537 |
| | ) Judge Cathy Bissoon |
| MICHAEL DECARLO, *et al.*, | ) |
|     Defendants. | ) |

## ORDER

Plaintiff Nathan Riley ("Plaintiff") is a State prisoner currently housed at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania. Plaintiff brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the Constitution of the United States. Compl. (Doc. 5 at 3). Plaintiff also raises claims under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, as well as various state law claims. Id. This suit commenced on April 26, 2011, with the receipt of the complaint. Id. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on April 28, 2011. (Doc. 1). Defendants' executed waivers of service were returned filed on June 27, 2011. (Docs. 20-30).

Before this Court are Plaintiff's motions for preliminary injunction (Docs. 6 and 18), in which Plaintiff seeks this Court to compel Defendants (1) to release him from "medical keeplock" confinement allegedly based on his refusal to submit to a skin test for tuberculosis, see (Doc. 18 ¶¶ 1, 3); and (2) to provide him with a "Halal diet", consisting of foods containing "Halal or Kosher[]symbols" Id. ¶ 3.

"[T]he grant of injunctive relief is an 'extraordinary remedy which should be granted only in limited circumstances.'" AT&T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir.1994) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir.1988)).  A party seeking a preliminary injunction must show: "'(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.'" Ball v. Beard, 396 F. App'x 826, 827 (3d Cir. 2010) (quoting Kos Pharm., Inc. v. Andrx Corp, 369 F.3d 700, 708 (3d Cir. 2004)). "[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of immediate irreparable harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted).  "In order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits and a probability of irreparable harm." Id. at 90-91.

Shortly after the complaint was filed, Judge Fischer, to whom this case formerly was assigned, held a hearing regarding Plaintiff's allegations that he was not receiving sufficient amounts of food during his confinement to the prison's Restricted Housing Unit ("RHU"). During that hearing, it became apparent, based in part of Plaintiff's testimony, that Plaintiff no longer was housed in the RHU, but was, in fact, housed in the prison's general population, and had been since before the complaint was filed. See (Doc. 10 at 3-4).  Judge Fischer also found that Plaintiff had access to adequate food – including a "no animal product" diet – through the prison's cafeteria and commissary. Id. at 4.  Instead, based on the hearing, it seems that "the problem is that Plaintiff is Muslim and appears to be seeking Kosher food." Id.

Given that Plaintiff now is housed in his prison's general population, he is unable to show the possibility of immediate, irreparable harm with respect to the issue of "medical keeplock" confinement.[1]  Similarly, Plaintiff cannot show immediate, irreparable injury with respect to his desire to be provided with Halal or Kosher foods because, as Judge Fischer found, he has access to a "no animal product" diet in the prison's cafeteria and commissary.  Cf. Williams v. Morton, 343 F.3d 212, 218 (3d Cir. 2003) (finding that a Muslim's First Amendment rights were not violated by being provided with a vegetarian diet).  Accordingly, Plaintiff's motions for preliminary injunction will be denied.

AND NOW, this 28th day of December, 2011,

IT IS HEREBY ORDERED that Plaintiff's Motions for Preliminary Injunction (Docs. 6 and 18) are DENIED.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

**cc:**
NATHAN RILEY
CT 8571
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

---

[1] The undersigned notes that Plaintiff was subject to a brief period of administrative confinement in the RHU due to a lack of available beds in the general population during the pendency of this lawsuit.  See (Doc. 44); see also (Doc. 47 ¶¶ 4 and 6).  However, Plaintiff does not allege, and there is no evidence on the record to indicate, that this brief period of confinement to the RHU was due to his refusal to submit to a skin test for tuberculosis.  There also is no indication on the record that Plaintiff has been confined to the RHU at any other time since the complaint was filed.